CLD-188                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2160
_____

IN RE: WILLIAM EDGAR LEWIS, JR., and MONIQUE NATE HOLMES,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Nos. 1:25-cv-00446 and 1:25-cv-00447)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: August 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

Monique Naté Holmes and William Edgar Lewis, Jr. (together, Petitioners), filed

in the District Court two pro se civil rights actions related to a domestic relations matter

in York County, Pennsylvania. In each action, Petitioners filed a 200-plus-page pleading,

then flooded the docket with dozens of filings in just four months' time.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In July of this year, the Magistrate Judge—presiding by way of the parties' consent—entered orders granting a defense motion to dismiss in one action, denying Petitioners' motion for sanctions in the other, and denying Petitioners' motions calling for the Magistrate Judge's recusal in both actions. The Magistrate Judge also entered an order directing served but unresponsive defendants in one of the actions to show cause why they have not yet responded to the complaint.[1]

One week prior to all of those rulings, Petitioners filed this pro se petition for a writ of mandamus—a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Having reviewed the record, we conclude that no extraordinary circumstances have been presented.

Among other requests, Petitioners have asked this Court to vacate the Magistrate Judge's allegedly erroneous rulings on various motions. See, e.g., Pet. at 2; Supp. Pet. at 14. But mandamus is not a substitute for appeal. See Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991). Petitioners must fully litigate their actions, then timely appeal a final judgment in order to get review of adverse rulings.[2]

---

[1] Those particular defendants did not respond by the show-cause deadline. The Magistrate Judge later denied Petitioners' motions for default judgment, dismissed their complaint as to all parties, and directed the clerk of court to close the case. Petitioners' other action, meanwhile, remains pending as of the writing of this opinion.

[2] The Magistrate Judge took actions, noted above in the margin, which may have produced a final judgment in one of the actions.

That said, we can consider (and have considered) at this time Petitioners' recusal-related arguments. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Those arguments are not persuasive, for substantially the reasons given by the Magistrate Judge in his July 1, 2025 memorandum opinion supporting the order denying Petitioners' recusal motions. See also Liteky v. United States, 510 U.S. 540, 555 (1994); In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

None of the other requests in Petitioners' petition (as supplemented) reflects that the standard for mandamus relief has been satisfied. Cf. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). Accordingly, the petition will be denied. Petitioners' pending motions, including their motion for sanctions and their emergency motions to enjoin and otherwise interfere in the relevant state court proceedings, are all denied.